**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

SAMUEL GRAVES,

   Plaintiff,

      v.

REPUBLIC NATIONAL DISTRIBUTING
CO.,

   Defendant.

**Civil Action No. 13-1869 (CKK)**

---

**MEMORANDUM OPINION**
(May 16, 2014)

Plaintiff Samuel Graves filed suit in District of Columbia Superior Court on October 28, 2013, alleging Defendant Republic National Distribution Company violated Title VII of the Civil Rights Act of 1964, § 2000e, *et seq.* On November 25, 2013, Defendant removed this case to this Court pursuant to 28 U.S.C. §§ 1441 *et seq.* Presently before the Court is Defendant's [3] Motion to Dismiss for failure to serve and for failure to state a claim.[1] Upon consideration of the pleadings,[2] the relevant legal authorities, and the record for purposes of a motion to dismiss, the

---

[1] Plaintiff filed two separate complaints against Defendant in District of Columbia Superior Court, both of which made the identical allegation that Defendant violated Title VII. Defendant removed each of these cases to this Court. *See Graves v. Republic Nat'l Distributing Co.*, No. 13-1869 (D.D.C. removed Nov. 25, 2013); *Graves v. Republic Nat'l Distributing Co.*, No. 13-1979 (D.D.C. removed Dec, 13, 2013). Subsequently, Defendant filed Motions to Dismiss in both cases. *See* Defendant's Motion to Dismiss, *Graves,* No. 13-1869*,* ECF No. [3]; *Graves*, No. 13-1979, ECF No. [4]. Although the Court issued a *Fox* Order in each case informing Plaintiff of the date by which he must respond to Defendant's Motion to Dismiss otherwise the Motion would be conceded and the case dismissed, Plaintiff failed to respond to Defendant's Motion in *Graves*, No. 13-1979. Accordingly, the Court treated Defendant's Motion to Dismiss as conceded and dismissed that case. *See Graves*, No. 13-1979 (D.D.C. May 16, 2014) (order granting motion to dismiss and dismissing case without prejudice).

Court finds that Plaintiff failed to properly serve Defendant. Accordingly, for the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

## I. LEGAL STANDARD

A court ordinarily may not exercise personal jurisdiction over a party named as a defendant in the absence of service of process (or waiver of service by the defendant). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–45 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served.")). Pursuant to Federal Rule of Civil Procedure 12(b)(5), "if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint" without prejudice. *Hilska v. Jones,* 217 F.R.D. 16, 20 (D.D.C. 2003); *see also Simpkins v. District of Columbia,* 108 F.3d 366, 369 (D.C. Cir. 1997). "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [Federal Rule of Civil Procedure 4] and any other applicable provision of law." *Light v. Wolf,* 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotation omitted).

When a Plaintiff is serving a corporation, a copy of the summons and the complaint must be delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, and – if the agent is one authorized by

---

[2] Defendant's Motion to Dismiss ("Def.'s Mot."), ECF No. [3]; Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n."), ECF No. [8]; Defendant's Reply in Support of Defendant's Motion to Dismiss ("Def.'s Reply"), ECF No. [9].

statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).

## II. DISCUSSION

Defendant moves this Court to dismiss Plaintiff's Complaint for failure to properly serve Defendant and for failure to state a claim. As Plaintiff filed an Amended Complaint, ECF No. [7], the same day as he filed his Opposition to Defendant's Motion to Dismiss, the Court will not address Defendant's alternative Fed. R. Civ. P. 12(b)(6) failure to state a claim argument.

As for Defendant's service argument, Defendant argues that Plaintiff, who is proceeding *pro se*, did not properly serve Defendant because Plaintiff sent the Complaint to Robert Kellner, an attorney who represented Defendant in the underlying Equal Employment Opportunity Commission claim, but who is neither Defendant's resident agent nor an individual authorized to accept service on behalf of Defendant. Def.'s Mot. at 2. Defendant's resident agent in the District of Columbia is Capitol Corporate Services, Inc. *Id.* at 3 (citing Pisano Aff. at ¶ 2). Plaintiff concedes that he failed to properly serve Defendant. Pl.'s Opp'n. at 2-3. Plaintiff contends, however, that the purpose and intent of Federal Rule of Civil Procedure 4 is to place Defendant on notice of a lawsuit against him and that this intent "was satisfied" because "Defendant was placed on notice of the commencement of the action" as evidenced by the fact that "Defendant . . . did move to have the matter removed to Federal Court." *Id.* at 3. Plaintiff argues that "[i]t would be disingenuous for the Defendant Corporation to allege they do not have notice of the action after they hire an attorney to file a Motion to Remove the matter." *Id.* Courts, however, have long held that a defendant's removal of an action to federal court does not waive the defendant's objection to the sufficiency of service of process. *See, e.g., Morris & Co. V. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929); *Cantor Fitzgerald, L.P. v. Peaslee,* 88 F.3d

152, 157 n .4 (2d Cir. 1996). Accordingly, the Court finds that Defendant in no way waived its right to challenge Plaintiff's deficient service by removing this case to federal court or, in so doing, showing that it was on notice of Plaintiff's lawsuit.

Plaintiff further argues that the "[r]ules governing service should not be enforced with a draconian rigidity [against a *pro se* plaintiff] where the courts have not first informed the plaintiff of the consequences of failing to effect proper service and where defendants are in no material way prejudiced by a minor defect in the manner in which service of process was attempted." Pl's Opp'n. at 3. Plaintiff cites to *Moore v. Agency for Int'l Dev.*, 994 F.2d 874 (D.C. Cir. 1993) for this proposition. However, the plaintiff in *Moore* filed suit against a federal agency and two of the agency's officers in their individual capacities, but never served the individual defendants. *Id.* at 875. Subsequently, the Assistant U.S. Attorney entered an appearance and then requested three extensions of time to respond to plaintiff's complaint. *Id.* at 877. On the 118th day after the complaint had been filed, the defendants moved to dismiss plaintiff's complaint. *Id.* The Court of Appeals for the District of Columbia Circuit held that there was "good cause" to provide the plaintiff with additional time to serve defendants due to plaintiff's attempt to serve, defendants' "long delay in responding to the complaint," and the fact that the plaintiff, who was aware of the Assistant U.S. Attorneys repeated appearances, "no doubt believed the defendants had been properly served." *Id.*

Here, by contrast, Plaintiff was required to serve process on one defendant. Furthermore, Defendant did not take any confusing or potentially misleading actions, but promptly filed a motion to dismiss for failure to properly serve within 35 days of Plaintiff filing his lawsuit. Moreover, the public docket does not indicate that Plaintiff has attempted to correct the deficiency in his service of process since Plaintiff became aware of the defect in service upon

receiving Defendant's Motion to Dismiss in December 2013–nearly six months ago.[3]  Nor does

Plaintiff argue in his Opposition to Defendant's Motion to Dismiss that there is "good cause" to

extend the time to serve the summons and complaint under Rule 4(m).  Accordingly, the Court

dismisses this case without prejudice due to Plaintiff's failure to properly serve Defendant.  *See*

*Mann v. Castiel,* 681 F.3d 368, 376 (D.C. Cir. 2012) (upholding dismissal where pro se

"plaintiffs had not been diligent in correcting the service deficiencies; although alerted to their

non-compliance with Rule 4(m) and the potential for dismissal of the case nearly five months

earlier, plaintiffs had taken no action to remedy their non-compliance"); *Bloem v. Unknown*

*Department of the Interior Employees*, — F.Supp.2d —, 2014 WL 946185, *5 ("Cases invoking

[the] rule for non-incarcerated *pro se* plaintiffs [that dismissal is not appropriate when there

exists a reasonable prospect that service can be obtained] . . . have involved good faith efforts to

comply with complex service rules.").

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's [3] Motion to Dismiss and

dismisses this case without prejudice for failure to serve timely process upon Defendant.

*//*

*//*

---

[3] Plaintiff states in his Opposition that he sent a copy of his *Amended* Complaint to Defendant's registered agent on February 3, 2014, and "will forward a copy of the service once it has been perfected."  Pl.'s Opp'n. at 4 n. 2.  No such Affidavit of Service has been entered on the public docket as of the date of this Memorandum Opinion.  In any event, the Court notes that sending a copy of an Amended Complaint to a defendant corporation's registered agent does not constitute proper service since Fed. R. Civ. P. 4(h)(1) requires the complaint *and* the summons be delivered to defendant in the manner dictated by the rule. As Defendant argues, "[m]ailing a copy of an amended complaint (with no summons) to the agent of a party who has never been given proper notice of the suit in the first place does not cure insufficient service."  Def.'s Reply at 4.

An appropriate Order accompanies this Memorandum Opinion.

_/s/_
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE